UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK R. RITCHIE,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL EXPRESS CORP.,<br><br>    Defendant. | Case No. C04-1753L<br><br>ORDER REGARDING<br>MOTION TO COMPEL |

## I. INTRODUCTION

This matter comes before the Court on plaintiff Frederick R. Ritchie's motion to compel and request for sanctions (Dkt. # 27). Ritchie seeks an order compelling defendant Federal Express Corporation to answer interrogatories and requests for production to which Federal Express has objected. Ritchie also seeks access to documents that Federal Express has identified as privileged. Finally, Ritchie asks that Federal Express be sanctioned for its discovery abuses. For the reasons set forth below, the motion is granted in part and denied in part.

## II. BACKGROUND

In January, 2003 Ritchie was fired from his job as a Technology Services Field Manager at Federal Express after several employees brought harassment claims against

ORDER REGARDING
MOTION TO COMPEL - 1

him.  Ritchie filed suit against his former employer claiming: (1) breach of express contract; (2) wrongful termination; (3) breach of implied contract; (4) promissory estoppel; (5) negligent infliction of emotional distress; and (6) intentional infliction of emotional distress.[1]

On November 17, 2004, Ritchie served his first set of interrogatories on Federal Express.  In its answers, Federal Express objected to Interrogatory Nos. 2, 3, 4, and 11 and Request for Production No. 1.  Federal Express also provided a privilege log listing those documents for which it claimed attorney/client or work-product privilege.  After a Rule 37(d) conference failed to resolve the parties' discovery disputes, Ritchie filed this motion.

## III.  DISCUSSION

**A.     Interrogatory Nos. 2, 3, & 4 and Request for Production No. 1.**

Interrogatory Nos. 2 through 4 asked Federal Express to (a) identify every person who had been accused of a violation of the Federal Express "Acceptable Conduct" policy in the state of Washington from 1995 to the present, (b) identify documents relating to the charges, and (c) state the outcome of those charges.  Request for Production No. 1 asked Federal Express to produce copies of the documents it identified in its answers to the interrogatories.  Federal Express objected to each of these interrogatories on the grounds that they sought information that was not relevant to the subject matter of this dispute, were overly broad as to time and scope, were unduly burdensome, and sought private information of current and former employees.

In support of his motion to compel answers to these interrogatories, Ritchie

---

[1] Ritchie also alleged wrongful termination in violation of public policy, but that claim was dismissed by this Court (Dkt. # 24).

ORDER REGARDING
MOTION TO COMPEL - 2

1 primarily relies on cases addressing discovery disputes in employment discrimination
2 claims.  Ritchie argues that, as in the employment discrimination context, "[c]omparator
3 evidence is relevant to . . . establishing that [Federal Express] did not apply its
4 [Acceptable Conduct policy] fairly."  Dkt. # 35, Reply at p. 5.  Here, however, Ritchie
5 does not assert an employment discrimination claim.  Instead, he asserts breach of
6 contract claims and, in particular, that the employee handbook provided by Federal
7 Express created contractual rights or promises of specific treatment in specific
8 circumstances which are enforceable by Ritchie.  Thus, Ritchie's claim that the employee
9 files are relevant to the issue of disparate treatment is inapposite.  Unfair application of
10 the Acceptable Conduct policy is not a basis for asserting wrongful termination or breach
11 of an express or implied contract.

12      There may be limited circumstances, however, in which the discipline records of
13 other employees are relevant to this dispute.  As Ritchie has asserted, to prevail on his
14 wrongful termination claim, he will need to show that (1) an employee manual promised
15 specific treatment in a specific circumstance; (2) he justifiably relied on that promise; and
16 (3) Federal Express breached the promise.  See Motion at p. 12 (citing DePhillips v. Zolt
17 Constr. Co., 136 Wn.2d 26, 36 (1998).  Extrinsic evidence, such as evidence of how other
18 employees who violated the Acceptable Conduct policy were treated, may help Ritchie
19 establish his justifiable reliance on Federal Express's promise.  Such evidence, however,
20 must have been known to Ritchie at the time he was fired.  See Bulman v. Safeway, Inc.,
21 144 Wn.2d 335, 340-341 (2001) ("there is not an enforceable promise of specific
22 treatment in specific circumstances where the employee did not know about the 'promise'
23 until after he was discharged") (internal quotations omitted).

24      Ritchie's interrogatories request information that extends well-beyond violations
25
26 ORDER REGARDING
MOTION TO COMPEL - 3

1 of the Acceptable Conduct policy that he was aware of and that may have informed his
2 justifiable reliance.  As a result, Federal Express did not act wrongfully in objecting to
3 Interrogatory Nos. 2, 3, & 4 and to Request for Production No. 1 as it related to those
4 interrogatories.

5 If Ritchie is able to focus his interrogatories and requests for production so as to
6 identify applications of the Acceptable Conduct policy that would be relevant to his
7 claims, he is entitled to obtain that information.  Although Federal Express is right to
8 show concern for the privacy interests of its current and former employees, those interests
9 may be adequately addressed through a protective order.

**B.     Interrogatory No. 11.**

Interrogatory No. 11 asks Federal Express to "identify all claims of wrongful termination made against [it] in the state of Washington from 1995 until present." Ritchie has indicated that he is willing to narrow the time frame of this request to the period from 2000 until the present.  Motion at 9.  The Court finds that, although such information may not be admissible in itself, it is likely to lead to admissible evidence.  As a result, Federal Express is obliged to identify all claims of wrongful termination made against it in the state of Washington from 2000 until the present.

**C.     Documents Claimed as Privileged or as Work Product.**

Ritchie has identified a series of documents in the privilege log provided by Federal Express that he believes should be turned over.  Federal Express, however, has sufficiently shown that these documents constitute privileged work product.  There is no indication, as Ritchie suggests, that these documents were prepared for a purpose other than in anticipation of litigation and then merely "passed through an attorney's hands at some point."  Reply at p. 6.  To the contrary, it appears that the documents were prepared

ORDER REGARDING
MOTION TO COMPEL - 4

by counsel or prepared by Federal Express specifically for their counsel. As such, they have been properly withheld as privileged work product.

**D.     Request for Sanctions.**

Fed. R. Civ. P. 37(a)(4)(A) provides that an award of attorney's fees may be appropriate if a motion to compel is granted. Although Ritchie obtained some of the relief requested in his motion, the Court finds that an award of attorney's fees, or any other sanction, is not appropriate.

## IV. CONCLUSION

For the foregoing reasons, Ritchie's Motion to Compel and Request for Sanctions is GRANTED IN PART AND DENIED IN PART. The motion to compel answers to Interrogatory Nos. 2, 3, & 4 and Request for Production No. 1 is DENIED. The motion to compel answers to Interrogatory No. 11 is GRANTED to the extent that Federal Express must identify all claims of wrongful termination made against it in the state of Washington from 2000 until the present. The motion to compel disclosure of documents identified as privileged or as work product is DENIED. Finally, the request for sanctions is DENIED.

DATED this 19th day of April, 2005.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER REGARDING
MOTION TO COMPEL - 5