1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

FREDERICK R. RITCHIE,

      Plaintiff,

    v.

FEDERAL EXPRESS CORP.,

      Defendant.

Case No.  C04-1753L

ORDER DENYING MOTION
FOR PROTECTIVE ORDER

14

15

16

17

18

19

     This matter comes before the Court on a motion for a protective order filed by
defendant Federal Express Corporation ("FedEx").  (Dkt. #41).  FedEx argues that
plaintiff Frederick Ritchie's latest discovery requests are substantially similar to his prior
requests about which the Court denied a motion to compel.  For the reasons set forth
below, the Court denies the motion because FedEx did not comply with the meet and
confer requirement in the Local Rules prior to filing the motion.

20

**I.  BACKGROUND**

21

22

23

24

25

     In January, 2003 Ritchie was discharged from his job as a Technology Services
Field Manager at FedEx after several employees alleged that he had harassed them.
Ritchie filed suit against his former employer claiming breach of express and implied
contract created by FedEx's employment policies, promissory estoppel, and infliction of

26

ORDER DENYING MOTION
FOR PROTECTIVE ORDER - 1

1  emotional distress.[1]

2      On November 17, 2004, Ritchie served his first set of interrogatories on Federal

3  Express, then filed a motion to compel responses.  In those requests, Ritchie asked FedEx

4  to (a) identify every person who had been accused of a violation of the Federal Express

5  "Acceptable Conduct" policy in the state of Washington from 1995 to the present, (b)

6  identify documents relating to the charges, and (c) state the outcome of those charges.  He

7  likened his claim to an employment discrimination claim and argued that evidence

8  regarding other employees disciplined under FedEx's Acceptable Conduct policy was

9  relevant to the issue of whether the policy was applied fairly.  The Court denied the

10  motion with respect to those requests.  The Court explained, "Ritchie's interrogatories

11  request information that extends well-beyond violations of the Acceptable Conduct policy

12  that he was aware of and that may have informed his justifiable reliance."  Order at pp. 3-

13  4.  The Court also noted, "If Ritchie is able to focus his interrogatories and requests for

14  production so as to identify applications of the Acceptable Conduct policy that would be

15  relevant to his claims, he is entitled to obtain that information."  Id.

16      After the Court denied Ritchie's motion to compel, he served new discovery

17  requests which, FedEx alleges, "suffer from the exact same defects as his earlier

18  discovery requests."  Motion at p. 6.  The new requests are narrower in some respects and

19  broader in others than his prior requests.  The time period for both sets is from 1995 to

20  the present.  The prior requests were limited to Washington and sought information

21  regarding all employees charged with violating the Acceptable Conduct policy.  Ritchie's

22  current Interrogatory No. 1 requests that FedEx, regarding employees from a fourteen

23

---

24      [1]Ritchie also alleged wrongful termination in violation of public policy, but that

25  claim was dismissed by this Court (Dkt. #24).

26  ORDER DENYING MOTION
    FOR PROTECTIVE ORDER - 2

1  state region, "[i]dentify applications of Defendant's 'Acceptable Conduct' (GFT) policy

2  stemming from complaints/claims/allegations of sexual harassment or harassment or any

3  type of offensive behavior, by word or by deed, by non-management personnel against a

4  supervisor/manager in the Defendant's Western Region from 1995 until present."

5  Interrogatory No. 2 asks FedEx to "[i]dentify all members of management who were

6  terminated because they were found to have violated the Defendant's Acceptable Conduct

7  policy in the Defendant's Western Region from 1995 until present."  RFP No. 1 requests

8  documents regarding Interrogatories 1 and 2.

9  ## II.  DISCUSSION

10  **A.     Meet and Confer Obligations.**

11        The parties disagree about whether they have conferred in good faith about the

12  discovery requests as required by Local Rule 37.  Local Rule 37 requires that counsel

13  engage in a "good faith effort" to confer about a discovery dispute prior to filing a motion

14  to compel; a good faith effort requires a face-to-face meeting or a telephonic conference.

15  Local Rule 37(a)(2)(A).  FedEx's counsel states that after he received the second set of

16  discovery requests, he sent two letters to plaintiff's counsel, then counsel had a

17  telephonic conference to discuss the requests.  Declaration of Christopher Yost at ¶ 7.

18  Plaintiff's counsel has not filed a declaration, but asserts in plaintiff's response to the

19  motion that FedEx did not seek to confer about some of the objections on which this

20  motion is based, including narrowing the time frame or geographic scope of the requests

21  or about what plaintiff meant by "offensive behavior."  Plaintiff's Response at p. 10.

22  Plaintiff further stated in his response that if those issues had been raised, he would have

23  been willing to narrow the requests in some respects in light of defendant's objections.

24  Id. (noting that plaintiff is willing to narrow his requests to Washington and Oregon from

25

26  ORDER DENYING MOTION
    FOR PROTECTIVE ORDER - 3

1   2000 to the present, and narrow Interrogatory No. 2 to "those instances involving sexual

2   harassment and offensive behavior of the kind of which Plaintiff was accused and of a

3   sexual nature").  These concessions highlight the purpose of a conference in good faith,

4   which often leads to the resolution of matters without the need for the court's

5   involvement and in a manner that is mutually satisfactory.  The parties' submissions

6   demonstrate that defendant's counsel assumed that the second set of discovery requests

7   were duplicative of and broader than the first set, and therefore focused the conference on

8   advocating for their complete withdrawal rather than narrowing them to a more

9   reasonable scope.

10      The Court finds that the telephonic conference did not comply with the letter and

11  spirit of Local Rule 37.  Accordingly, the Court denies the motion, and requires counsel

12  to meet in person regarding the disputed discovery requests.

13  **B.      The Discovery Requests.**

14      In the interests of efficiency and expediency, the Court offers the following

15  guidance to aid the parties' attempt to resolve the discovery dispute.

16      In a key difference from his earlier motion, Ritchie now alleges that he was aware

17  of the relevant policies and the treatment of other employees pursuant to those policies

18  prior to his termination.  He claims that the requested information is relevant to whether

19  his claimed reliance on FedEx's policies was reasonable, and the Court agrees that the

20  requested information may lead to the discovery of admissible evidence on that topic.

21  However, FedEx is correct that the requests are overbroad as to subject matter, time, and

22  geography.  Therefore, the Court would limit Interrogatory No. 1 to applications of

23  FedEx's Acceptable Conduct and Guaranteed Fair Treatment policies stemming from

24  complaints/claims/allegations of sexual harassment by non-management personnel against

25

26  ORDER DENYING MOTION
    FOR PROTECTIVE ORDER - 4

1   a supervisor/manager in the Technology Services Department for a three-year period

2   ending on the date of Ritchie's termination.  Interrogatory No. 2 and RFP No. 1 should be

3   similarly limited in scope, geography, and time.  These limitations would ensure that the

4   burden on FedEx is not undue while allowing Ritchie to obtain sufficiently broad

5   discovery.

6       RFP No. 2 requests "all documentation relating to violations of Defendant's

7   Acceptable Conduct policy [by managers], including all personnel[2] and investigation

8   files, stemming from complaints made against Defendant's manager[s], Sean Cornelius

9   [and Ron Cesario]."  FedEx has submitted a declaration from a senior human resources

10  representative who states that neither individual was personally known to Ritchie prior to

11  his termination, presumably in support of the argument that he could not have known of

12  the treatment they received.  The declarant cannot have personal knowledge of what

13  Ritchie knew, and Ritchie has declared that he was aware of Mr. Cornelius' and Mr.

14  Cesario's alleged violations of the relevant policies.  Ritchie has shown the relevance of

15  the information requested in RFP No. 2, so a protective order would not be warranted.

16      FedEx's concerns for the privacy interests of its current and former employees

17  may be adequately addressed through a protective order aimed specifically at protecting

18  those interests.

19      Requests for Production Nos. 9 and 10 request that FedEx "produce all

20  documentation, including personnel files, notes, forms, e-mails, and letters relating to any

21  complaints made against Miki Piza" and Renee Moore, whose complaints about Ritchie's

22

23      [2] Although the request is somewhat vague, the Court assumes that Ritchie was

24  requesting the personnel files of Mr. Cornelius and Mr. Cesario, and not the personnel
    files of the complainants.  FedEx should produce the former and not the latter.

25

26  ORDER DENYING MOTION
    FOR PROTECTIVE ORDER - 5

1 inappropriate conduct led to his termination.[3]  Because Ritchie has not explained the
2 relevance of this information, FedEx would be entitled to a protective order regarding
3 RFP Nos. 9 and 10.

4        Finally, FedEx requests an award of sanctions, and plaintiff requests an award of
5 fees and costs for opposing the motion.  Because the Court would likely grant the motion
6 in part and deny it in part if it were properly before the Court, an award of sanctions or
7 fees to either party is not warranted.

8                                **III.  CONCLUSION**

9        For the foregoing reasons, FedEx's motion for a protective order (Dkt. #41) is
10 DENIED.  FedEx may refile the motion if the parties are unable to resolve the dispute
11 after counsel have met and conferred in person and in good faith.

12

13        DATED this 29th day of August, 2005.

14

15                                *MrR S Lasnik*

16                                Robert S. Lasnik
                                 United States District Judge

17

18

19

20

21

22

23

24        [3] Presumably, if FedEx had considered any complaints against Moore and Piza as
part of its investigation into the complaints against Ritchie, that information would be
25 part of the investigation files, which FedEx has already produced.

26 ORDER DENYING MOTION
FOR PROTECTIVE ORDER - 6