1

2

3

4

5            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
6                    AT SEATTLE

7    FREDERICK R. RITCHIE, an individual,

8                              Plaintiff,          No. C04-1753L

9              v.                                  ORDER ON CR 37 JOINT
                                                   SUBMISSION
10   FEDERAL EXPRESS CORPORATION, a
     Delaware corporation,

11                             Defendant.

12

13       This matter comes before the Court on the "CR 37 Joint Submission" of plaintiff

14   Frederick Ritchie and defendant Federal Express Corporation ("FedEx") (Dkt. # 66).  The

15   subjects of the parties' dispute are Interrogatory No. 1, Interrogatory No. 2, Request for

16   Production No. 1 and Request for Production No. 2.  On August 29, 2005, this Court denied

17   defendant's motion for a protective order and directed the parties to fulfill the "meet and confer"

18   requirement of local rule 37.  Order Denying Motion for Protective Order (Dkt. # 52).

19                              **I. Background**

20       The factual and procedural background regarding this dispute already has been set forth

21   in the Court's recent discovery order.  In that order, the Court attempted to provide some

22   guidance for future discovery negotiations.  Specifically, the Court held that Ritchie's "requested

23   information may lead to the discovery of admissible evidence on that topic."  Id. at 4.  The Court

24   also concluded that although potentially fruitful, the requests were "overbroad as to subject

25   matter, time, and geography."  Id.  The Court suggested "limit[ing] Interrogatory No. 1 to

26

ORDER ON CR 37
JOINT SUBMISSION - 1

1    application of FedEx's Acceptable Conduct and Guaranteed Fair Treatment policies stemming

2    from complaints/claims/allegations of sexual harassment by non-management personnel against

3    a supervisor/manager in the Technology Services Department for a three-year period ending on

4    the date of Ritchie's termination." Id. at 4–5.  Similar limitations were suggested to refine the

5    scopes of Interrogatory No. 2 and Request for Production ("RFP") No. 1. Id. at 5.  Finally, the

6    Court concluded that "Ritchie has shown the relevance of the information requested in RFP No.

7    2, so a protective order [enjoining the production of the files] would not be warranted." Id.

## II.  Discussion

9          At the Court's urging, the parties resumed discovery negotiations on these four issues.

10   The parties apparently agreed that a reasonable starting point for Interrogatory No. 1, based on

11   the Court's direction, was for "FedEx [to] provide information regarding terminations and

12   applications of FedEx's Acceptable Conduct and [Guaranteed Fair Treatment] Policies

13   stemming from complaints/claims/allegations of sexual harassment by non-management

14   personnel against such supervisors between January 1, 2000 and January 1, 2003 in the

15   Technology Services Department in the Western Region." Jt. Sub. at 3.  The Western Region of

16   FedEx consists of Washington, Oregon, Alaska, Arizona, California, Colorado, Hawaii, Nevada,

17   New Mexico, Utah, Wyoming, Idaho, Montana, and part of Texas.  FedEx said it would check

18   to see if such an inquiry were feasible.  Apparently to assure FedEx's agreement, Ritchie called

19   back and proposed limiting the review to Washington and Oregon.  Finally, FedEx readily

20   agreed, and Ritchie soon discovered why: Frederick Ritchie was the only employee in the

21   Technology Services Department who was a supervisor in Washington or Oregon during that

22   time period.

23         Understandably disappointed with this outcome, Ritchie immediately altered his request

24   for satisfying Interrogatory No. 1 in a way that he believed would conform to this Court's

25   August 29, 2005 order. Id. at 10 ("Clearly this result was not what was contemplated by the

26

ORDER ON CR 37
JOINT SUBMISSION - 2                              -2-

1    Court or the Plaintiff."). First, he renewed his previous request that FedEx identify applications

2    of the Acceptable Conduct and Guaranteed Fair Treatment policies against supervisors in the

3    Technology Services Department throughout the Western Region stemming from complaints by

4    non-management personnel. Second, with the knowledge that this requested discovery covered

5    only seven individuals besides himself, id. at 19, Ritchie also requested a similar review for the

6    Domestic Grounds Operations in Washington and Oregon. Id. at 5 n.6. According to FedEx,

7    this group includes 103 managers in Washington and 51 managers in Oregon. Id. at 18.

8        FedEx rejects this proposal on much the same grounds as it stated in its previous motion

9    for a protective order (Dkt. # 41). FedEx argues that the information is (1) irrelevant and

10    overbroad, (2) seeks private information, (3) burdensome and oppressive and (4) designed to

11    oppress and drive up the cost of litigation. Moreover, FedEx argues, its counteroffer—to review

12    the files of the seven other supervisors in the Western Region—will provide Ritchie with

13    adequate discovery in satisfaction of the Court's August 29, 2005 order. Jt. Sub. at 18–20.

14        The parties disagree similarly over the terms of Interrogatory No. 2. That interrogatory

15    requests that FedEx identify all managers who were terminated for violations of FedEx's

16    Acceptable Conduct policy. The dispute over the scope of this inquiry has played out over the

17    same lines as the first interrogatory, with Ritchie requesting review of all seven Technology

18    Service Department managers in the Western Region and 154 Domestic Grounds Operations

19    managers in Washington and Oregon, and FedEx counteroffering to perform the inquiry for just

20    the seven Western Region Technology Service Department managers.

21        Request for Production No. 1, which asks FedEx to produce the documentation identified

22    by the two interrogatories, does not cover any ground not already covered in the discussions of

23    the interrogatories, above.

24        Finally, in Request for Production No. 2, Ritchie asks that FedEx "produce all

25    documentation relating to violations of the Defendant's Acceptable Conduct policy including all

26

ORDER ON CR 37
JOINT SUBMISSION - 3           

1   personnel and investigation files, stemming from complaints made against Defendant's manager,

2   Sean Cornelius and Ron Cesario." Id. at 25.  The Court previously stated that this information is

3   discoverable, and that FedEx should produce it.  Order Denying Motion for Protective Order at

4   5.  FedEx now states to the Court that the information for Ron Cesario is held by another

5   company, FedEx Corporate Services, and has provided documentation to show that defendant

6   FedEx has made Ritchie aware of this fact many times.[1]

7        The futility of this particular back and forth has been, fortunately, mostly overshadowed

8   by the parties' more legitimate disputes about the scope of other aspects of the discovery.  On

9   this issue, Ritchie seems only to have repeatedly insisted that FedEx *simply must* have

10  possession of Cesario's files.  Jt. Sub. at 25–26.  FedEx, on the other hand, offers that it has, "in

11  the spirit of cooperation," generously reached out to this other similarly-named third party on

12  Ritchie's behalf in order to ascertain the company's production policies.[2] Id. at 26–28.

13       The resolution of each of these issues is addressed in the following sections.

14  **A.  Interrogatory No. 1, Interrogatory No. 2 and Request for Production No. 1**

15       This order incorporates the legal reasoning of the prior order, which concluded that "the

16  requested information may lead to the discovery of admissible information" as to Ritchie's

17  understanding of and reliance upon how the relevant policies were executed.  Order Denying

18  Motion for Protective Order at 4.  The Court agrees with Ritchie that a review of the application

19  of the policies only as to the seven other Western Region supervisors would be insufficient

20

21

22       [1] The Court assumes that since FedEx does not offer any similar assertion about Sean Cornelius's
    files, that their production is uncontroversial and can happen immediately.  This assumes that the parties

23  have resolved their disagreement, referenced in Exhibit C to the Yost Declaration, about the protective
    order designed to accompany the release of Cornelius's files.

24
         [2] According to FedEx, this other company apparently agreed that it would produce the relevant
25  files upon receipt of "a valid subpoena and a protective order guarding against further dissemination of
    such records."  Jt. Sub. at 28.
26
    ORDER ON CR 37
    JOINT SUBMISSION - 4                            -4-

1  discovery, but the Court also agrees with FedEx that Ritchie's proposed expansion of the inquiry

2  into the Domestic Grounds Operations in Oregon and Washington is somewhat burdensome.

3  The Court therefore directs FedEx, pursuant to Interrogatories No. 1 and No. 2, to include the

4  103 managers in the Domestic Grounds Operations in Washington in its review.  FedEx is under

5  no obligation to examine the corresponding files of the 1,928 non-managerial employees unless

6  one of them is implicated in the application of the Acceptable Conduct or Guaranteed Fair

7  Treatment policies against one of the 103 managers.  The modified language of each of the

8  interrogatories will now be as follows:

9       1.  Review the files of the seven managers in FedEx's Technology Services Department
   in the Western Region and the files of the 103 DGO managers in Washington between
10  January 1, 2000 and January 1, 2003, and identify applications of the Defendant's
   Acceptable Conduct and/or Guaranteed Fair Treatment policies stemming from
11  complaints/claims/allegations of sexual harassment by non-management personnel against
   a supervisor/manager.

12
        2.  Review the files of the seven managers in FedEx's Technology Services Department
13  in the Western Region and the files of the 103 DGO managers in Washington between
   January 1, 2000 and January 1, 2003, and identify members of management who were
14  terminated based on complaints/claims/allegations of sexual harassment by non-
   management employees.

15
        Request for Production No. 1 will remain unchanged.
16
   **B.  Request for Production No. 2**
17
        Due to the fact that FedEx insists that this RFP involves a third party, and the fact that it
18
   is unlikely that the parties have agreed on the language of the protective order for the release of
19
   either file, the appropriate course is for the parties to file with this Court, within ten days of this
20
   order, a supplement to their CR 37 motion with final language for a protective order that will
21
   satisfy both companies that control the personnel files of Cornelius and Cesario, respectively.[3]
22
   Mr. Yost is requested to continue, in the spirit of cooperation, to collaborate with the attorneys
23

24

25       [3] If the language for the protective order for Cornelius's file has been settled on already, then the
   parties should use that language as a starting point for negotiations with FedEx Corporate Services.
26
   ORDER ON CR 37
   JOINT SUBMISSION - 5                -5-

1   at FedEx Corporate Services to arrive at satisfactory language.  It is also requested that this CR

2   37 supplement clarify what further steps that Ritchie must take in order to secure Cesario's files

3   from that company.

4   **C. Other Matters**

5         Finally, this Court must address plaintiff's apparent refusal to sit for his deposition before

6   he receives this proposed production.  <u>See</u> Motion for Protective Order (Dkt. #53).  Pursuant to

7   <u>Bulman</u>, it is essential that FedEx have an opportunity to depose Ritchie in order to determine

8   what specific knowledge he had regarding applications of defendant's Acceptable Conduct and

9   Guaranteed Fair Treatment policies.  <u>See</u> <u>Bulman v. Safeway, Inc.</u>, 144 Wn.2d 335, 340–41

10  (2001).  Therefore, FedEx's compliance with this order must be conditioned on Ritchie's full

11  participation in a deposition prior to receipt of the discovery.

**III. Conclusion**

12

13        For the foregoing reasons, IT IS HEREBY ORDERED that Ritchie's motion to compel

14  discovery is GRANTED, pursuant to the directives herein.  FedEx is ordered to provide the

15  discovery requested pursuant to Interrogatories No. 1, and No. 2 and Request for Production No.

16  1 within two weeks of conducting Ritchie's deposition, and should therefore plan Ritchie's

17  deposition according to a schedule that will allow it to timely comply with this order.  Plaintiff's

18  motion with regard to plaintiff's Request for Production No. 2 is stayed pending the Court's

19  receipt of the CR 37 supplement within ten days from the date of this order, after which time the

20  Court will provide further guidance on that issue.

21        DATED this 10th day of November, 2005.

22

23

24                                    Robert S. Lasnik

25                                    United States District Judge

26