UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK R. RITCHIE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. C04-1753RSL<br><br>ORDER GRANTING MOTION TO COMPEL AND FOR SANCTIONS IN PART |

This matters comes before the Court on plaintiffs's "Motion for Order to Compel Compliance With Court's Orders and for Sanctions." (Dkt. # 92). Plaintiff maintains that the defendant has failed to comply with the Court's November 10, 2005 "Order on CR 37 Joint Submission" (Dkt. #93) and asks the Court to compel defendants to comply with the Order and to impose sanctions.

On November 10, 2005 the Court ordered defendant to:

> Review the files of the seven managers in FedEx's Technology Services Department in the Western Region and the files of the 103 DGO (Domestic Ground Operations) managers in Washington between January 1, 2000 and January 1, 2003, and identify applications of the Defendant's Acceptable Conduct and/or Guaranteed Fair Treatment policies stemming from complaints/claims/allegations of sexual harassment by non-management personnel against manager/supervisor.

> Review the files of the seven managers in FedEx's Technology Services Department in the Western Region and the files of the 103 DGO (Domestic Ground Operations) managers in Washington between January 1, 2000 and January 1, 2003, and identify members of management who were

ORDER GRANTING MOTION TO
COMPEL AND FOR SANCTIONS IN PART  -1

>terminated based on complaints/claims/allegations of sexual harassment by non-management employees.

Order on CR 37 Joint Submission at 5.  After a number of requests by plaintiff to have defendant turn over this information, defendant provided plaintiff with a declaration from Dawn Melillo Maszk, a Senior Human Resources Representative at FedEx Express, on March 28, 2006.  The declaration stated that she had "reviewed a list of approximately 104 managers for Washington State and determined none of the managers listed had any allegations of sexual harassment between January 1, 2000 and January 2, 2003."  Declaration of Patrick L. McGuigan (Dkt. #93) ("McGuigan Decl."), Ex. 5.  The declaration also noted that she had contacted other human resources officials from the State of Washington and that none of those people "were aware of any complaints."  From the record, it does not appear that relevant human resources files were reviewed in any meaningful way.  Instead, defendants relied on the personal recollections of its human resources personnel.

Plaintiff sent defendant a letter on May 26, 2006 expressing concern over defendant's failure to actually "review the files" of managers as required under the Court's November 10, 2005 Order.  McGuigan Decl., Ex. 6.  Defendant replied on June 9, 2006 stating that it was confident "that the Court's directive has been met" because the human resources officials and the people to whom they spoke "are readily familiar with the managers at issue as part of their day today [sic] job functions and would have been aware of any claims of sexual harassment made by hourly employees against them as the complaints and investigations thereon would have been their responsibility.  As well, logs of such complaints were examined."  McGuigan Decl., Ex. 7.  It was only after Ms. Maszk's July 19, 2006 deposition and the filing of plaintiff's current motion that defendant actually reviewed all of the individual investigative files relating to internal EEO investigations.  This renewed investigation confirmed defendant's earlier contention that no internal sexual harassment complaints were filed against Washington DGO managers by hourly employees between 2000 and 2002.

ORDER GRANTING MOTION TO
COMPEL AND FOR SANCTIONS IN PART  -2

The Court concludes that defendant's recent review of its internal EEO investigative files complies with its duties under the Court's November 10, 2005 Order. It is in these files that sexual harassment allegations, investigative notes surrounding such allegations, and any resulting disciplinary actions are recorded, and it appears that defendant has now reviewed these files in a good faith effort to comply with the Court's Order. As such, plaintiff's request to have the Court compel the production of the 103 managers' files is denied.

That being said, it is clear that an actual review of such files should have been completed prior to plaintiff being forced to file the motion currently before the Court. On multiple occasions defendant either ignored or brushed aside plaintiff's concerns with its compliance with the Court's directive "to review the files" of managers to identify instances of allegations of sexual harassment by non-management personnel against management. It was only after plaintiff filed the current motion that defendant chose to do a thorough review of the relevant files. Though defendant may have believed that the "first-hand knowledge" of human resources personnel was sufficient at the time, memories are not always accurate and plaintiff had a right to have the actual files reviewed.

Under Federal Rule of Civil Procedure 37(a)(4), the Court may require the party "whose conduct necessitated" a motion to compel to "pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust." This sanction may be imposed both when the motion to compel is granted and when the requested discovery is provided after the motion was filed. Fed. R. Civ. P. 37(a)(4). Similar powers are granted to the Court under Federal Rule of Civil Procedure 37(b). Here, plaintiff made a good faith effort to obtain the discovery in question without court action and defendant's failure to search the files in question was not "substantially justified." Plaintiff's request for

ORDER GRANTING MOTION TO
COMPEL AND FOR SANCTIONS IN PART  -3

reimbursement of the reasonable expenses incurred in making the motion is therefore granted. The Court concludes that more severe sanctions are not necessary at this point.

For all the foregoing reasons, plaintiff's motion to compel and for sanctions is GRANTED in part. Plaintiff shall submit, within ten days of the date of this Order, a statement of their reasonable costs associated with bringing this motion.

DATED this 17th day of October, 2006

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
COMPEL AND FOR SANCTIONS IN PART  -4