1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

FREDERICK R. RITCHIE, an individual,

     Plaintiff,

    v.

FEDERAL EXPRESS CORPORATION, a
Delaware corporation,

     Defendant.

Case No.  C04-1753L

AMENDED ORDER REGARDING
AMOUNT OF SANCTIONS

15
16
17
18
19

    On October 17, 2006 the Court issued an Order (Dkt. #105) denying plaintiff's motion to compel and granting plaintiff's motion for sanctions based on defendant's failure to comply with the Court's November 10, 2005 "Order on CR 37 Joint Submission."  (Dkt. #93).[1]  The Court ordered plaintiff's counsel to file, within ten days, a statement of the reasonable costs associated with bringing the motion to compel.

20
21
22
23

    In response, plaintiff's counsel timely filed a statement.  See Statement of Reasonable Attorneys' Fees and Costs (Dkt. #106).  Plaintiff's counsel notes that a total of 54.30 hours were spent preparing the motion to compel.  However, this 54.30 hours includes 11.4 hours spent prior to July 6, 2006 attempting to resolve the dispute without having to resort to filing the

24
25
26
27

    [1] This Order supercedes and amends the previous order (Dkt. #107) to indicate that it was plaintiff, not defendant, who filed the motion to compel and for sanctions and to clarify that while plaintiff's motion for sanctions was granted, plaintiff's motion to compel was denied.  This correction does not affect the substance of the earlier order's conclusion regarding the amount of sanctions.

28

AMENDED ORDER REGARDING
AMOUNT OF SANCTIONS- 1

motion to compel.  Because these efforts are required under Federal Rule of Civil Procedure 37, counsel would have likely performed these tasks even if defendant had properly complied with the Court's Order before plaintiff filed the motion to compel.  Accordingly, these 11.4 hours shall not be included in the award of sanctions.  The Court finds that all other fees requested, and the underlying hourly rates, are reasonable.

Plaintiff also seeks to recover $327.65 in costs.  This request is insufficient for a number of reasons.  First, costs incurred prior to plaintiff beginning work on the motion to compel in July 2006 would not be included in the award of sanctions for the same reasons stated in the Court's discussion of attorney's fees.  That leaves $206.60 in costs generated in July 2006. Plaintiff, however, fails to provide any details that would enable the Court to conclude that all, or any, of these costs were associated with plaintiff's motion to compel.  For instance, plaintiff seeks $189.75 for 759 photocopies, yet fails to inform the Court, either in Mr. McGuigan's declaration or in its billing statements, why 759 photocopies would be required to produce an 11 page motion to compel with 26 pages of exhibits.  As such, plaintiff's request for costs is denied.

Accordingly, the Court AWARDS plaintiff his reasonable attorney's fees in the amount of $9,455, which defendant shall pay to plaintiff within thirty days of the date of this Order.

DATED this 31st day of October, 2006

Robert S. Lasnik
United States District Judge

AMENDED ORDER REGARDING
AMOUNT OF SANCTIONS- 2